IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFEILD DIVISION

| | |
|---|---|
| BLAKE SANDLAIN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:19-00072 |
| ) | |
| BARBARA RICKARD, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application to Proceed Without Prepayment of Fees and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

**FACT AND PROCEDURE**

A.  **Criminal Action No. 2:14-cr-20283:**

On January 8, 2015, Petitioner pled guilty in the Eastern District of Michigan to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count One), and one count of possession with intent to distribute heroin in violation of 21 U.S.C § 841(a)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Count Two). United States v. Sandlain, Case No. 2:14-cr-20283 (E.D.Mi. May 21, 2015), Document No.44. The District Court determined Petitioner was a career offender under U.S.S.G. § 4B1.1. Id. On May 21, 2015, the District Court sentenced Petitioner to 120-month term of imprisonment as to Count One and a 180- month term of imprisonment as to Count Two, to run concurrently. Id., Document No. 52. The District Court further imposed a 4-year term of supervised release and a $200 special assessment. Id.

**B.     Section 2255 Motion:**

On August 7, 2015, Petitioner filed in the Eastern District of Michigan a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 55. In his Motion, Petitioner asserted claims of ineffective assistance of counsel. Id. Specifically, Petitioner first argued as follows: "Counsel was ineffective in assistance of counsel when she failed to bring out the fact at the suppression hearing that Parole Agent Lopez's entry into the locked common area of Petitioner's apartment building that could only be accessed by the tenant's opening the door with a key or buzzer system violated Petitioner's subjective expectation of privacy in this building." Id. Next, Petitioner argued that trial counsel was ineffective in failing to argue that "the home visit policy does not authorize searches" by a parole agent. Id. Third, Petitioner argues that counsel was ineffective in failing to subpoena Parole Agent Borkley. Id. Fourth, Petitioner argued that trial counsel was ineffective in failing to thoroughly cross exam officers and the parole agent during the suppression hearing. Id. By Order entered on August 26, 2015, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 58. By Order entered on August 28, 2015, the District Court withdrew its Order denying Petitioner's Section 2255 Motion and directed the United States to file a Response. Id., Document No. 59. On September

11, 2015, Petitioner filed a Motion to Amend and his Supplement Brief. Id., Document Nos. 60 and 61. Specifically, Petitioner supplemented his Section 2255 Motion to include an additional ineffective assistance of counsel claim. Id., Document No. 61. Petitioner argued that trial counsel was ineffective in failing to "cite precedential authority that would have showed that once Petitioner's maintenance man Scott Coleman opened his apartment door for the parole office, he was acting in the capacity of a government agent." Id. By Order entered on September 22, 2015, the District Court granted Petitioner's Motion to Amend. Id., Document No. 63. The United States filed its Response on October 12, 2015. Id., Document No. 70. By Order entered on October 20, 2015, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 72 and 73. Petitioner filed his Notice of Appeal with the Sixth Circuit Court of Appeals on November 9, 2015. Id., Document No. 76. By Order filed on July 8, 2016, the Sixth Circuit denied Petitioner's application for a certificate of appealability based on his asserted Section 2255 claims. Id., Document No. 80. The Sixth Circuit, however, noted that "there is some indication that [Petitioner's] classification as a career offender during his sentencing proceedings might be affected by *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *United States v. Pawlak*, No. 15-3566 2016 WL 2802723 (6th Cir. May 13, 2016)." Id. The Sixth Circuit, however, noted that Petitioner did not raise a Johnson claim and Petitioner must first move the Court for an order authorizing the district court to consider a second or successive Section 2255 Motion for the Johnson claim to be properly considered. Id. Petitioner filed a petition for writ of certiorari, which the United States Supreme Court denied by Order filed on November 28, 2016. Id., Document No. 85; also see Sandlain v. United States, ___ U.S. ___, 137 S.Ct. 517, 196 L.Ed.2d 422 (2016).

**C.      Request for Authorization to File a Successive Section 2255 Motion:**

On June 13, 2016, Movant filed with the Sixth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Blake Joseph Sandlain, Case No. 16-01847 (6th Cir.), Document No. 89. Petitioner argued that under Johnson, he was improperly classified as a career offender because his prior Michigan conviction for assaulting a corrections officer no longer qualifies as a 'crime of violence' under U.S.S.G. § 4B1.2(a)." Id. By Order entered on November 29, 2016, the Sixth Circuit granted Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 84. The Sixth Circuit further directed that Petitioner case be transferred to the Eastern District of Michigan and the District Court hold the case in abeyance pending the outcome of Beckles. Id.

**D.      Second Section 2255 Motion:**

On December 1, 2016, Petitioner's second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was docketed in the Eastern District of Michigan. Id., Document No. 87. As grounds for relief, Petitioner argued that he did not qualify as a career offender in light of Johnson. Id. Petitioner argued that the decision in Johnson applies retroactively on collateral review, and his claim was cognizable under § 2255. Id. On February 9, 2017, Petitioner filed Motions requesting disposition of his Second Section 2255 Motion. Id., Document Nos. 98 and 99. By Opinion and Order entered on February 16, 2017, the District Court denied Petitioner's Motions requesting disposition and directed that Petitioner's Second Section 2255 Motion remained stayed pending a decision by the United States Supreme Court in

Beckles. Id., Document No. 100. In March and April 2017, Petitioner filed numerous Motions: (1) Motion to Supplement; (2) Motion Under Rule 60(b)(3); (3) Motion Under Rule 60(b)(5) challenging his sentence based on Mathis v. United States, 136 S.Ct. 2243 (2016); (4) Supplemental Motion under Rule 60(b)(5); (5) Motion to Withdraw; and (6) Motion to Strike Motion to Withdraw Rule 60(b)(5) Motion. Id., Document Nos. 101 – 107. By Opinion Order entered on May 12, 2017, the District Court granted Petitioner's Motion to Withdraw and denied his Motion to Supplement, Rule 60(b) Motions, and his Second Section 2255 Motion based on Beckles. Id., Document No. 108.

**E.     Rule 60(b) Motions:**

Petitioner filed in the Eastern District of Michigan a Motion to Compel Ruling on Rule 60(b)(6) Motion on May 31, 2017, and the District Court denied the Motion to Compel on June 1, 2017. Id., Document Nos. 110 and 111. Petitioner filed a Motion under Rule 60(b)(6) on June 16, 2017, and the District Court denied the Motion on June 30, 2017. Id., Document No. 112 or 113. On October 13, 2017, Petitioner filed a Motion Under Rule 60(b)(6) arguing that the District Court improperly relied on dicta in Samson v. California, 547 U.S. 843 (2006) in its August 26, 2015 Opinion denying Petitioner's first Section 2255 Motion. Id., Document No. 115 By Order entered on February 7, 2018, the District Court denied Petitioner's Rule 60(b) Motion. Id., Document No. 118. The District Court further noted that Petitioner had been cautioned that further challenges attempting to relitigate issues previously decided by the Court would result in Petitioner being enjoined from filing further motions without first obtaining leave of the Court. Id. The District Court found that despite this warning, Petitioner filed the foregoing motion attempting to relitigate issues decided by the Court and an Order enjoining Petitioner from filing

additional motions without first obtaining leave from the Court would be entered. Id. On February 15, 2018, the District Court entered an "Order Enjoying Petitioner From Filing Motions Without First Obtaining Leave of the Court." Id., Document No. 119. Petitioner filed a Notice of Appeal on July 2, 2018. Id., Document No. 126. By Order entered on December 19, 2018, the Sixth Circuit denied Petitioner's application for a certificate of appealability. Id., Document No. 131.

**F.      Motion for Writ of Audita Querela:**

On May 25, 2018, Petitioner filed in the Eastern District of Michigan a Motion for Leave to File a Motion for Writ of Audita Querela. Id., Document No. 123. By Order entered on June 15, 2018, the District Court denied Petitioner's Motion. Id., Document No. 125. On July 2, 2018, Petitioner filed a Notice of Appeal. Id., Document No. 126. On March 22, 2018, the Sixth Circuit affirmed the decision of the District Court. Id., Document No. 132. Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on April 29, 2019. Id., Document No. 135; also see Sandlain v. United States, 139 S.Ct. 1638 (2019).

**G.      Section 2241 Petition filed in the District of Kansas:**

On June 21, 2017, Petitioner filed in the District of Kansas a Section 2241 Petition challenging his career offender designation. Sandlain v. English, Case Number 5:17-cv-03103 (D.Kan. June 23, 2017), Document No. 1. In support, Petitioner again cited Mathis. Id. The District Court determined that Petitioner's claim was not cognizable under Section 2241. Id., Document No. 4. Petitioner appealed, and the Tenth Circuit affirmed the District Court's decision. Sandlain v. English, 714 Fed.Appx. 827 (10th Cir. 2017). Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on April 16, 2018.

Sandlain v. English, ___ U.S. ___, 138 S.Ct. 1574, 200 L.Ed.2d 763 (2018).

**H.     Section 2241 Petition filed in the Western District of Louisiana:**

On November 27, 2017, Petitioner filed in the Western District of Louisiana a Section 2241 Petition challenging his career offender designation. Sandlain v. Johnson, Case No. 1:17-cv-1546 (W.D.La. Feb. 15, 2018) Document Nos. 1 and 1-2. In support, Petitioner again cited Mathis. Id. The District Court determined that Petitioner's claim was not cognizable under Section 2241. Id., Document No. 21. Petitioner appealed, and the Fifth Circuit affirmed the District Court's decision. Sandlain v. Johnson, 742 Fed.Appx. 861 (5th Cir. 2018). Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on April 15, 2019. Sandlain v. Johnson, 139 S.Ct. 1572 (2019).

**I.     Instant Section 2241 Petition:**

On January 28, 2019, Petitioner filed his instant Petition and Memorandum requesting relief under 28 U.S.C. § 2241.[2] (Civil Action No. 1:19-00072, Document Nos. 2 and 3.) Petitioner argues that the sentencing court improperly determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.2. (Id.) Petitioner states that his career offender enhancement was improperly based upon "a Michigan drug trafficking statute M.C.L. 333.7401, as being a nonexistent offense." (Id.) Petitioner contends that he is entitled to relief because his prior conviction no longer qualifies as a predicate offense in the wake of the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016) and Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). (Id.) Therefore, Petitioner argues that he can satisfy the requirements of the "savings clause" based upon Mathis and Descamps. (Id.)

---

[2] Petitioner is also a frequent filer in this Court having initiated four actions in approximately

On April 8, 2019, Petitioner filed a "Motion of Judicial Notice." (Document No. 6.) In the foregoing document, Petitioner continues to argue that he is entitled to relief based upon <u>Mathis</u>. (<u>Id.</u>) On May 15, 2019, Petitioner filed his "Motion to Present the Merits on the 2241 Pending with this Court." (Document No. 10.) In the foregoing document, Petitioner continues to argue that he is entitled to relief based upon <u>Mathis</u>. (<u>Id.</u>) By separate Order entered this day, the above Motions have been construed as Memorandums in Support of the Section 2241 Petition.

On June 5, 2019, Petitioner filed a Motion to Supplement his Section 2241 Petition. (Document No. 14.) Petitioner argues that the Eastern District Court of Michigan erred in denying his first Section 2255 Motion. (<u>Id.</u>) Specifically, Petitioner contends that the District Court "used an unconstitutional ruling of 'dicta' in disguise and made it look like holding, which in turn made Petitioner's cognizable ineffective assistance of counsel issue un-cognizable, and with Petitioner with no other post-conviction remedy to correct the unconstitutional ruling of law." (<u>Id.</u>) By separate Order entered this day, the undersigned as granted Petitioner's Motion to Supplement.

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. <u>See</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28

---

three months: Civil Action Nos. 1:19-00025, 1:19-00072, 1:19-00125, and 1:19-00229.

U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Eastern District of Michigan. Specifically, Petitioner contends that his sentence is now invalid in light of Mathis and Descamps. Citing Mathis and Descamps, Petitioner argues that his prior drug conviction no

longer qualifies as a predicate offense for purposes of designating him as a career offender under the Guidelines. Next, Petitioner argues that the Eastern District of Michigan applied incorrect law when denying his ineffective assistance of counsel claim as asserted in his first Section 2255 Motion. Thus, Petitioner requests that his conviction and sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Michigan. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit

Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). The undersigned further notes that Petitioner obtain authorization to file a second Section 2255 Motion based upon *Johnson*. His second Section 2255 Motion was denied based upon the decision in *Beckles*. Finally, the record reveals that Petitioner asserted his *Mathis/Descamps* claim a Rule 60(b) Motion filed with the sentencing court, which was denied.

Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler

---

[4] In Wheeler, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed

Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Mathis and Descamps[5] is misplaced as neither apply retroactively in this Circuit. See Cox v.

---

the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct.

13

Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Despite Petitioner's arguments to the contrary, Petitioner cannot satisfy the second requirement of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping

---

2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court DENY Petitioner's Application to Proceed Without Prepayment of Fees and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1), **DISMISS** Petitioner's Section 2241 Petitions (Document Nos. 2 and 16) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct.

466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 6, 2019.

Omar J. Aboulhosn
United States Magistrate Judge