IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:19-00072

BARBARA RICKARD, Warden,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on June 6, 2019, in which he recommended that the district court deny plaintiff's application to proceed without prepayment of fees and application for a writ of habeas corpus, dismiss plaintiff's petitions under 28 U.S.C. § 2241, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo

review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On June 26, 2019 and July 22, 2019, Sandlain filed motions for an extension of time to file objections to the PF&R. Those motions were granted and Sandlain was given until August 30, 2019, to file his objections.[1] On August 26, 2019, Sandlain filed a "Motion to Object that the 2241 is Denied In the Above Case Number, and Request that the Merits on the 2241 Motion is Heard in this Court" (ECF No. 28) which the court has treated as his objections to the PF&R.[2] After the deadline for filing objections had passed, Sandlain filed the following:

1) "Motion to Supplement 2241" (ECF No. 30);

2) "Motion to Object to Report and Recommendation that Writ of Mandamus is Denied by Blake Sandlain" (ECF No. 31);

3) "Supplement Pursuant to Rule 28(J) in Deciding 2241 Filed with this Court" (ECF No. 32);

4) "Motion by Blake Sandlain Pursuant to Rule 28(J) to Supplement 2241 Petition" (ECF No. 33);

5) "Supplement Motion by Blake Sandlain" (ECF No. 34);

---

[1] The motion for an extension of time filed on August 5, 2019 (ECF No. 27) is **DENIED** as moot.

[2] That document is not entirely responsive to the PF&R in this case as Sandlain repeatedly refers to various positions the government takes. However, the government was not directed to file a response in this case.

2

6) "Motion by Blake Sandlain to Supplement in the Above Case of 2241 Pursuant to Rule 28(J)" (ECF No. 35);

7) "Motion by Blake Sandlain to Supplement 2241 in the Above Case Number Pursuant to Rule 28(J)" (ECF No. 36);

8) "Supplement by Blake Sandlain Pursuant to Rule 28(J) in Deciding 2241 Filed with this Court" (ECF No. 37);

9) "Motion by Blake Sandlain to Supplement Pursuant to Rule 28(J) to Show This Honorable Court that it Retain Jurisdiction to Hear the Merits in the Above Case Number" (ECF No. 38);

10) "Motion by Blake Sandlain to Supplement Pursuant to 28(J)" (ECF No. 39);

11) "Motion by Blake Sandlain to Supplement 2241 Pending with this Court" (ECF No. 40);

12) "Motion by Blake Sandlain of Relevant Authority Pursuant to 2241 Supplement Already Filed with the Court" (ECF No. 41); and

13) "Motion to Supplement Relevant Authority to 2241 Recently Filed with the Court" (ECF No. 46).

These motions to supplement and the like, most of which are not responsive to the PF&R,[3] are **DENIED**. With respect to Sandlain's objections that were timely filed, see ECF No. 28, the court has conducted a de novo review.

On January 8, 2015, in the United States Court for the Eastern District of Michigan, Sandlain pled guilty to being a

---

[3] For example, the "Motion of Relevant Authority Pursuant to 2241 Supplement Already Filed with the Courts", filed on January 28, 2020, is directed at alleged errors that occurred during his § 2255 motion that was dismissed in 2015. The proper venue to address those errors is the United States Court of Appeals for the Sixth Circuit.

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). On May 21, 2015, Sandlain was sentenced to a term of imprisonment of 180 months, consisting of 120 months on the felon in possession charge and 180 months on the drug charge, sentences to run concurrently. His sentence was largely driven by his criminal history as he was found to be a career offender under the advisory sentencing guidelines.

Magistrate Judge Aboulhosn concluded that plaintiff's claim was properly considered under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241, because he was challenging the validity of his conviction and the sentence imposed by the Eastern District of Michigan. Motions under § 2255 are to be filed in the sentencing court. However, because plaintiff had not obtained authorization to file a second or successive § 2255, Magistrate Judge Aboulhosn determined that plaintiff's motion should be dismissed rather than transferred to the sentencing court.

Sandlain objects to the PF&R's ultimate conclusion that he is unable to proceed under the savings clause and, therefore, his claim is not cognizable under § 2241. To that end, he asserts that "essentially every circuit has allowed Mathis (2016) and Descamps (2013) to be brought under 2241 savings clause." PF&R at 2.

4

As Magistrate Judge Aboulhosn correctly noted, Sandlain challenges the validity of his sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law

5

of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of

6

§ 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

With respect to his claim under Mathis and Descamps, Magistrate Judge Aboulhosn concluded that plaintiff could not satisfy the second prong of the Wheeler test because those decisions do not apply retroactively on collateral review. Magistrate Judge Aboulhosn was correct on this point as numerous courts, in both the Fourth and Sixth circuits, have concluded that Mathis and Descamps do not apply retroactively on collateral review. See, e.g., In re Conzelmann, 872 F.3d 375, 376 (6th Cir. 2017) ("Mathis does not work either. It did not announce a new rule of constitutional law made retroactive by the Supreme Court.

7

. . . The Court's holding in Mathis was dictated by precedent (indeed two decades worth)."); Goins v. United States, No. 16-6826, 2017 WL 6546952, *1 (6th Cir. June 26, 2017) ("[T]he holdings in Mathis and Descamps are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review."); Diaz v. Beckley, CIVIL ACTION NO. 5:18-cv-00248, 2019 WL 6717635, *1 (S.D.W. Va. Dec. 10, 2019) ("District courts within the Fourth Circuit have determined that Descamps merely crystallized its previous rulings and has not been applied retroactively on collateral review. . . . Similarly, the Supreme Court's decision in Mathis sets forth a procedural rule that has not been made retroactive on collateral review.") (internal citations and quotations omitted); Barnes v. Bragg, C/A No. 1:18-1181-JFA-SVH, 2018 WL 4557085, *3 (D.S.C. June 14, 2018) ("Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241. Petitioner is not able to meet the savings clause in In re Jones, as neither Descamps or Mathis have decriminalized the criminal conduct . . . for which Petitioner was convicted. Petitioner is also unable to meet the Wheeler savings clause, as neither Descamps or Mathis announced a new rule of law retroactively applied on collateral review.").

Plaintiff's reliance on cases from other circuits does nothing to advance his argument because those cases are not

8

binding on this court.  The only two circuits that do matter with respect to this case—the Fourth and Sixth Circuits—have never allowed an inmate to pursue a Mathis and/or Descamps claim under the savings clause.  Furthermore, to the extent that those out-of-circuit cases might be helpful,[4] the cases do not say exactly what Sandlain says they do.  For example, in Holt v. United States, the court refused to allow Holt to pursue a second collateral attack on his sentence under § 2255 because, as that court noted, "Mathis has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law."  843 F.3d 720, 722 (7th Cir. 2016).  The Holt court did not even consider whether relief pursuant to Mathis would be available in a § 2241 proceeding.

Furthermore, under the fourth prong of the Wheeler test, a sentencing error must be sufficiently grave to be deemed a fundamental defect.  Courts in both the Fourth and Sixth Circuits have concluded that errors in applying the advisory guidelines are not cognizable in habeas review.  See Bullard v. United States, 937 F.3d 654, (6th Cir. 2019) (A "misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under §

---

[4] Several of the cases cited by Sandlain are impossible to find because the citations he uses are incomplete.  For example, he cites a case, United States v. Smith, presumably from the Ninth Circuit, wherein the court allegedly stated "that Mathis (2016) and Descamps (2013) are statutory clarification rules that [are] retroactive under 2241 collateral review.").  See PF&R at 2.

9

2255. . . . Indeed, every circuit to look at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations. . . . Bullard cannot use § 2255 . . . to attack collaterally his designation as career offender under the Sentencing Guidelines. Both are best left for direct review.") (internal citations and quotations omitted); United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" is not "a fundamental defect which inherently results in a complete miscarriage of justice").

Sandlain is asking a court in West Virginia, where he is incarcerated, to vacate a sentence imposed by a court in Michigan. After that court has already declined to do so. Twice. See PF&R at 5. He does so despite the fact that his Mathis argument was presented to the habeas court overseeing his § 2255 motion, see PF&R at 5, and Descamps was decided before he was even sentenced. While Wheeler does provide an avenue for federal prisoners to challenge their sentences under the savings clause, at least in the Fourth Circuit, that avenue is narrow. And, for the reasons discussed above, Sandlain cannot satisfy the Wheeler criteria.[5]

---

[5] Sandlain's claim would likewise fail were he incarcerated in the Sixth Circuit as that court has taken a more restrictive view of when the savings clause should apply. See Hueso v.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's application to proceed without prepayment of fees and costs, **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

---

Barnhart, 948 F.3d 324, 340 (6th Cir. 2020) ("Disagreements among the circuit courts often create the potential for the unequal treatment of similarly situated parties.  Here, Gerald Wheeler could pursue in the Fourth Circuit the habeas claim that Ramon Hueso may not raise in the Sixth.  A federal prisoner's ability to seek habeas relief under § 2241 should not depend on where the executive branch opts to confine him.").

standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 24th day of February, 2020.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge