```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

BLAKE SANDLAIN,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:19-00072

BARBARA RICKARD, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated February 24, 2020, the court accepted the Proposed Findings and Recommendation of the magistrate judge, overruled plaintiff's objections thereto, and dismissed plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus. (ECF No. 48). On March 10, 2020, Sandlain filed a notice of appeal. (ECF No. 51). That same day, he also filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure Rule 59. (ECF No. 50). The Rule 59 motion was denied on March 16, 2020. (ECF No. 54).

On April 23, 2020, Sandlain filed a "Motion Pursuant to Rule 60(b)(5),(6)." (ECF No. 63). Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

>  judgment has been satisfied, released, or
>  discharged; it is based upon an earlier judgment
>  that has been reversed or vacated; or applying it
>  prospectively is no longer equitable; or (6) any
>  other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998). Dispositions of Rule 60(b) motions are reviewed for abuse of discretion. See id.

Plaintiff has not shown that he is entitled to relief under Rule 60(b)(5) or (6). Therefore, plaintiff's motion is **DENIED.**[*]

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 14th day of May, 2020.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge

---

[*] The United States Court of Appeals has concluded that the filing of a notice of appeal does not divest a district court of jurisdiction to rule on a Rule 60(b) motion. "In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order." Fobian v. Storage Tech. Corp., 164 F.3d 887, 891 (4th Cir. 1999).